**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **LINCTEN BELIZAIRE** | **CASE NO. 3:26-CV-829 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN H. TELLEZ, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Lincten Belizaire ("Petitioner"), pursuant to 28 U.S.C. §2241. At the time of filing this petition, Petitioner, a native and citizen of the Bahamas, was an immigration detainee at the Jackson Parish Correctional Center in Jonesboro, Louisiana. Petitioner sought release from detention.

Petitioner entered the United States in March or April 1973. Petitioner was taken into ICE custody on October 24, 2024. Petitioner received a final order of removal on May 14, 2025 (Doc. 1-2).

Respondents filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 11). Respondents claim the petition is moot and should be dismissed because Petitioner has been removed and is no longer in ICE custody. In support of their claim, Respondents

provide the Declaration of Acting Assistant Field Office Director Justin Williams which states that on or about April 2, 2026, Petitioner was removed from the United States to the Bahamas (Doc. 11-2).

Because Petitioner has been removed and is no longer in ICE custody, Respondents' Motion to Dismiss should be GRANTED and this petition should be DISMISSED WITHOUT PREJUDICE because it is moot.

**LAW AND ANALYSIS**

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990). Petitioner must continue to meet the case or controversy requirement. Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Petitioner's petition challenging his detention is moot because he has been removed and is no longer in ICE custody (Docs. 11 and 11-2). See Dormeus v. Keisler, 252 Fed.Appx. 611, 612 (5th Cir.2007). If a controversy is moot, the court lacks subject matter jurisdiction. Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Accordingly, **IT IS RECOMMENDED** that Respondents' Motion to Dismiss (Doc. 11) be **GRANTED** and Petitioner's petition be **DISMISSED WITHOUT PREJUDICE** as moot.

**OBJECTIONS**

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 28th day of September 2026.

Mark L. Hornsby
U.S. Magistrate Judge